# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re: **Damanjit Singh Uberoi**
       **Barbara Uberoi**

Case No.

## CHAPTER 13 PLAN

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ __1,600.00__ each month for __60__ months.
   Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
|------|----------|------|---------------------|--------------|--------------------------------------|----------------------------|----------------------------|------------------------------|
| -NONE- | | | | | | | | |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid __Pro Tanto__ %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:
   Name                                Monthly Payment
   **Standard Chartered Bank**              **1,000.00**

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):
   **Debtors reserve the right to determine, in the appropriate venue, the correct amount of past and future child support**

Dated: __March 18, 2007__       /s/ Damanjit Singh Uberoi         /s/ Barbara Uberoi
                                 (Debtor)                          (Debtor)

I/We __Charles Novack__ am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.

                                 /s/ Charles Novack
                                 Attorney for Debtor(s)

MARTHA G. BRONITSKY
Chapter 13 Standing Trustee
24301 Southland Dr., Suite 200
Hayward, CA 94545-1541
(510) 266-5580
e-mail: 13trustee@oak13.com

Entered on Docket
May 01, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: May 01, 2007



_____
RANDALL J. NEWSOME
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

DAMANJIT SINGH UBEROI
BARBARA UBEROI

    debtor(s)

Case No. 07-40819-RN13
(Chapter 13)

Attorney of Record:
CHARLES NOVACK ATTY

## CONFIRMATION ORDER AFTER MEETING OF CREDITORS

1. The Meeting of Creditors having been concluded on April 26, 2007
2. Upon recommendation of the Trustee and there being no opposition by any creditor,
3. The Court Makes the following findings:
   a. The Plan complies with the provisions of Chapter 13 Title 11, United States Code;
   b. The Debtor has paid the filing fee in full in this case;
   c. The Plan has been proposed in good faith and not by any means forbidden by law;
   d. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of this Title on such date;
   e. With respect to each allowed secured claim provided for by the Plan;
      (i) The Holder of such claim has accepted the Plan; or
      (ii)(A) The Plan provides that the holder of such claim retain the lien securing such claim; and
          (B) The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim; or
      (iii) The Debtor surrenders the property securing such claim to such holder; and
   f. The Debtor will be able to make all payments under the Plan and to comply with the Plan.

4. **GOOD CAUSE APPEARING**
   a. IT IS ORDERED that the Debtor(s) Plan (or Amended Plan) filed on March 20, 2007   is confirmed.
   b. IT IS FURTHER ORDERED that the future income of the Debtor(s) is submitted to the supervision and control of the Trustee, as is necessary for the execution of the Plan (or Amended plan).

ADDITIONAL PROVISIONS: PRO-TANTO PLAN BASE $96,000

END OF ORDER

EXHIBIT "JN-B"

## COURT SERVICE LIST

DAMANJIT SINGH UBEROI and
BARBARA UBEROI
4324 CONEJO DRIVE
DANVILLE CA  94506

CHARLES NOVACK ATTY
409 - 13TH ST 10TH FL
OAKLAND CA  94612

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:

DAMANJIT SINGH UBEROI
BARBARA UBEROI
Debtor(s)

Case No. 07-40819-RN 13

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Martha G. Bronitsky, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on <u>03/20/2007</u>.

2) The plan was confirmed on <u>04/26/2007</u>.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on <u>NA</u>.

4) The trustee filed action to remedy default by the debtor in performance under the plan on <u>06/23/2008, 11/17/2008, 03/20/2009, 06/01/2009, 12/18/2009</u>.

5) The case was dismissed on <u>02/18/2010</u>.

6) Number of months from filing to last payment: <u>29</u>.

7) Number of months case was pending: <u>36</u>.

8) Total value of assets abandoned by court order: <u>NA</u>.

9) Total value of assets exempted: <u>$24,292.18</u>.

10) Amount of unsecured claims discharged without payment: <u>$0.00</u>.

11) All checks distributed by the trustee relating to this case have cleared the bank.

UST Form 101-13-FR-S (9/1/2009)

EXHIBIT "JN-C"

### Receipts:

| | |
|---|---:|
| Total paid by or on behalf of the debtor | $46,400.00 |
| Less amount refunded to debtor | $0.00 |
| **NET RECEIPTS:** | **$46,400.00** |

### Expenses of Administration:

| | |
|---|---:|
| Attorney's Fees Paid Through the Plan | $2,500.00 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $4,107.40 |
| Other | $0.00 |
| **TOTAL EXPENSES OF ADMINISTRATION:** | **$6,607.40** |
| Attorney fees paid and disclosed by debtor: | $1,000.00 |

### Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---:|---:|---:|---:|---:|
| ADVANCED CALL CENTER TECH LLC | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| AFFILIATES IN IMAGING | Unsecured | 17.24 | NA | NA | 0.00 | 0.00 |
| AMERICAN EDUCATIONAL SERVICE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| BANK OF AMERICA | Unsecured | 2,363.82 | NA | NA | 0.00 | 0.00 |
| BANK OF AMERICA | Unsecured | 3,715.88 | NA | NA | 0.00 | 0.00 |
| B-REAL | Unsecured | 480.00 | 3,215.42 | 3,215.42 | 0.00 | 0.00 |
| CA EMERGENCY PHYSICIANS | Unsecured | 16.90 | NA | NA | 0.00 | 0.00 |
| CAPITAL ONE | Unsecured | 817.51 | NA | NA | 0.00 | 0.00 |
| CBSJ FINANCIAL CORP | Unsecured | 282.78 | NA | NA | 0.00 | 0.00 |
| CBSJ FINANCIAL CORP | Unsecured | 1,227.98 | 1,281.62 | 1,281.62 | 0.00 | 0.00 |
| CBSJ FINANCIAL CORP | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| CENTRAL FINANCIAL CONTROL | Unsecured | 362.54 | 353.80 | 353.80 | 0.00 | 0.00 |
| CENTRAL FINANCIAL CONTROL | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| CENTRAL FINANCIAL CONTROL | Unsecured | 194.50 | 194.50 | 194.50 | 0.00 | 0.00 |
| CENTRAL FINANCIAL CONTROL | Unsecured | NA | 93.62 | 93.62 | 0.00 | 0.00 |
| EBPG | Unsecured | 240.00 | NA | NA | 0.00 | 0.00 |
| eCAST SETTLEMENT CORP | Unsecured | 440.00 | 4,188.49 | 4,188.49 | 0.00 | 0.00 |
| eCAST SETTLEMENT CORP | Unsecured | 2,417.00 | 2,373.36 | 2,373.36 | 0.00 | 0.00 |
| eCAST SETTLEMENT CORP | Unsecured | 12,860.00 | 13,754.89 | 13,754.89 | 0.00 | 0.00 |
| EDUCATION RESOURCES INSTITUTE | Unsecured | 20,891.00 | 20,802.13 | 20,802.13 | 0.00 | 0.00 |
| FLORIDA BAR | Unsecured | 1,500.00 | NA | NA | 0.00 | 0.00 |
| FRANCHISE TAX BOARD | Unsecured | NA | 824.99 | 824.99 | 0.00 | 0.00 |
| FRANCHISE TAX BOARD | Priority | 8,799.82 | 7,537.01 | 7,537.01 | 5,918.20 | 0.00 |
| HOME MEDICAL EQUIPMENT CO | Unsecured | 14.26 | NA | NA | 0.00 | 0.00 |
| J & L TEAMWORKS | Unsecured | 508.23 | NA | NA | 0.00 | 0.00 |
| J J MACINTYRE CO | Unsecured | 1,267.51 | NA | NA | 0.00 | 0.00 |
| JOHN MUIR MEDICAL CENTER | Unsecured | 230.00 | NA | NA | 0.00 | 0.00 |
| JOHN MUIR MEDICAL CENTER | Unsecured | 15.00 | NA | NA | 0.00 | 0.00 |
| LVNV FUNDING C/O RESURGENT CA | Unsecured | 7,375.22 | 8,160.64 | 8,160.64 | 0.00 | 0.00 |
| NEUROSCAN | Unsecured | 6.12 | NA | NA | 0.00 | 0.00 |
| NINA SANDHU | Priority | 52,800.00 | 52,800.00 | 52,800.00 | 19,144.00 | 0.00 |

**UST Form 101-13-FR-S (9/1/2009)**

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| PONTIOUS CHIROPRACTIC | Unsecured | 265.00 | NA | NA | 0.00 | 0.00 |
| SALLIE MAE | Unsecured | 23,250.62 | 22,738.86 | 22,738.86 | 0.00 | 0.00 |
| SALLIE MAE/USAF | Unsecured | 100,884.53 | 105,572.90 | 105,572.90 | 0.00 | 0.00 |
| SAN RAMON EMERGENCY PHYSICIA | Unsecured | 16.85 | NA | NA | 0.00 | 0.00 |
| TENET-SAN RAMON REG MED CTR | Unsecured | 10.00 | NA | NA | 0.00 | 0.00 |
| TRI VALLEY MEDICAL CENTER | Unsecured | 28.99 | NA | NA | 0.00 | 0.00 |
| TRI-VALLEY GASTROENTEROLOGY | Unsecured | 30.00 | NA | NA | 0.00 | 0.00 |
| UNITED STATES TREASURY | Unsecured | 3,941.29 | NA | NA | 0.00 | 0.00 |
| UNITED STATES TREASURY | Priority | 23,449.04 | 18,642.56 | 18,642.56 | 14,730.40 | 0.00 |
| UNITED STATES TREASURY | Unsecured | 2,256.26 | 4,595.33 | 4,595.33 | 0.00 | 0.00 |
| UNKNOWN CREDITOR | Unsecured | 602.41 | NA | NA | 0.00 | 0.00 |
| VERIZON WIRELESS | Unsecured | 80.00 | NA | NA | 0.00 | 0.00 |
| WEST VERIZON WIRELESS/AFNI | Unsecured | NA | 152.09 | 152.09 | 0.00 | 0.00 |

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | $0.00 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED:** | $0.00 | $0.00 | $0.00 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $52,800.00 | $19,144.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $26,179.57 | $20,648.60 | $0.00 |
| **TOTAL PRIORITY:** | $78,979.57 | $39,792.60 | $0.00 |
| **GENERAL UNSECURED PAYMENTS:** | $188,302.64 | $0.00 | $0.00 |

**Disbursements:**

| | |
|---|---|
| Expenses of Administration | $6,607.40 |
| Disbursements to Creditors | $39,792.60 |
| **TOTAL DISBURSEMENTS:** | **$46,400.00** |

**UST Form 101-13-FR-S (9/1/2009)**

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 03/18/2010                    By: /s/ Martha G. Bronitsky
                                         _____
                                                  Trustee

STATEMENT: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-13-FR-S (9/1/2009)



# Rules of Procedure of the State Bar of California

**July 2014**

EXHIBIT "JN-D"

(12) a statement that the parties will or will not be bound by the stipulated facts even if the conclusions of law and/or stipulated disposition are rejected; and

(13) a statement that the member has been advised in writing of any pending investigations (except for any law enforcement agencies' criminal investigations) or proceedings not resolved by the stipulation.

(B) **Plea of Nolo Contendere.** If the member pleads nolo contendere, the stipulation must also show that the member understands that the plea is treated as an admission of the stipulated facts and an admission of culpability.

(C) **Unresolved Pending Investigations or Proceedings.** These must be identified by investigation case number or proceeding case number and any complaining witness's name. The stipulation cannot contain the information but must show that all the information was provided to the member in a separate document within 30 days before the stipulation was filed.

## Rule 5.57 Stipulations to Disposition

(A) **Generally.** The parties may stipulate to disposition after the Court decides – or the parties stipulate to – facts establishing culpability and conclusions of law.

(B) **Attachments.** If the stipulation to disposition is supported by any factual findings or legal conclusions that are not in a written decision filed by the Court or a previously filed stipulation, those findings and conclusions must be included in, or attached to, the stipulation to disposition.

(C) **Required Elements.** Stipulations to dispositions must comprise:
  (1) an acknowledgement that proposed stipulations for disposition do not bind the Supreme Court;
  (2) a statement of the investigations or proceedings included;
  (3) a statement of the extent to which the stipulation resolves the proceeding;
  (4) all factual stipulations regarding aggravation or mitigation that the parties wish to rely on;
  (5) the recommended or imposed disposition;
  (6) the member's acknowledgement of Business and Professions Code §§ 6086.10 and 6140.7;
  (7) a statement that the parties will or will not be bound by the stipulated facts even if the conclusions of law and/or stipulated disposition are rejected; and
  (8) a statement that the member has been advised in writing of any pending investigations (except for any law enforcement agencies' criminal investigations) or proceedings not resolved by the stipulation.

(D) **Unresolved Pending Investigations or Proceedings.** These must be identified by investigation case number or proceeding case number and any complaining witness's name. The stipulation cannot contain the information but must show that all the information was provided to the member in a separate document within 30 days before the stipulation was filed.

## Rule 5.58 Approval of Stipulations by a Hearing Judge

(A) **When Approval Is Required.** Court approval is not required for stipulations to facts under rule 5.54, unless the member has pleaded nolo contendere to those facts. Court approval is required for stipulations under rules 5.55, 5.56, and 5.57. The assigned judge must determine whether the stipulation is fair to the parties and adequately protects the public.

(B) **Adequate Factual Basis.** If a stipulation is supported by the deputy trial counsel's statement under rule 5.56(A)(6), it is supported by an adequate factual basis, and no further evidence of the underlying facts will be required.

(C) **Voluntary Stipulations.** A stipulation that satisfies the requirements of rules 5.54, 5.55, 5.56, or 5.57 is considered voluntary.

(D) **Approval.** The Court may approve the stipulation as written or on condition that the parties accept specified modifications, or the Court may reject the stipulation.

(E) **When Binding.** After Court approval, a stipulation binds the parties in the related proceedings unless the stipulation is withdrawn or modified.

(F) **Withdrawal and Modification.** Any party may make a motion to withdraw or modify a stipulation. The motion must show good cause and be filed within 15 days after the order approving the stipulation is served. The Court may give notice to the parties and withdraw or modify a stipulation on its own motion.

(G) **Effects of Rejection.** When the Court rejects a stipulation, the parties are relieved of the effects of the stipulation, except the factual stipulations they agreed to be bound by. The parties may submit a later stipulation in the same case but must inform the Court that an earlier stipulation was rejected.

(H) **Review.** Only orders on motions to modify or withdraw from a stipulation are reviewable and only under rule 5.150.

the Clerk will notify the parties that the brief must be filed within five days after the Clerk's notice is served or:
(1) the proceeding will be submitted on review without oral argument; or
(2) if appellant requests or the Court orders oral argument, the appellee will be precluded from appearing.

(B) **Rebuttal Brief.** Within 15 days after the appellee's brief is served, the appellant may file and serve a rebuttal brief whose body is no more than 10 pages. For good cause, the Presiding Judge may extend the time to file, or may permit the brief's body to exceed 10 pages, or both.

## Rule 5.154 Oral Argument Before Review Department

Except as otherwise provided in these rules, the Review Department will give the parties an opportunity for oral argument. The parties may waive oral argument at any time up to five days before the date set for oral argument. Unless oral argument is waived or the parties agree to a shorter period of notice, written notice of the time and place of oral argument must be served by the Clerk on the parties at least 30 days before the oral argument.

## Rule 5.155 Actions by Review Department

(A) **Standard of Review under Rule 5.151.** The Review Department will independently review the record and may make findings, conclusions, or a decision or recommendation different from those of the hearing judge. The findings of fact of the hearing judge are entitled to great weight.

(B) **Remand.** The Review Department may remand a proceeding to the Hearing Department for a new trial on specified issues, for a trial de novo, or for other proceedings. If a proceeding is remanded, the same hearing judge will preside unless that judge is unavailable or the Review Department orders otherwise.

(C) **Issues Not Raised for Review.** The Review Department may take action on an issue that was not raised in the request for review or briefs of any party. Before it does so, the Review Department will notify the parties in writing of the issue before oral argument, and any party may file a supplemental brief about that issue. If the parties are not notified before oral argument, they may make a motion to file supplemental briefs or for reconsideration under rule 5.158.

(D) **En Banc Review.** The Review Department will decide matters before it en banc. Two judges constitute a quorum. A majority vote of the judges present and voting are sufficient to take any action or arrive at any decision.

(E) **Time for Opinion.** The Review Department will file its opinion within 90 days after the matter is submitted, unless the proceeding is expedited and a

54

procedural rule, a statute, or a Supreme Court rule requires a shorter period for filing the opinion.

(F) **Disqualified Judge.** If one or more Review Department judges are disqualified or unavailable to serve, the Presiding Judge may designate a hearing judge appointed by the Supreme Court under Business and Professions Code § 6079.1 to act in the Review Department judge's place, if the designated hearing judge took no part in considering or deciding the matter in the Hearing Department. If the Presiding Judge is disqualified or unavailable to act and has not designated another judge to act in his or her place, the Acting Presiding Judge may act in place of the Presiding Judge.

(G) **Disbarment Recommendation.** If the Review Department recommends disbarment, it must include in its opinion an order that the member be enrolled as an inactive member under Business and Professions Code § 6007(c)(4). Unless otherwise ordered by the Court, the order takes effect on personal service or three days after service by mail, whichever is earlier.

(H) **State Bar Court's Annual Report.** By March 1 of each year, the State Bar Court must prepare and submit to the Chief Justice of the Supreme Court an annual report describing how the Review Department complied with the requirements of subsection (E) during the preceding calendar year.

## Rule 5.156 Additional Evidence Before Review Department

(A) **Record and Excluded Evidence.** Except as provided by this rule or by order of the Review Department, the Review Department considers only evidence that is a part of the record made in the Hearing Department, or evidence offered and excluded that the Review Department determines should have been admitted.

(B) **Augmenting Record: Judicial Notice and Stipulations.** On its own motion or at the request of a party, the Review Department may take judicial notice of orders and decisions of the Supreme Court or the State Bar Court arising out of any State Bar Court proceeding involving the party who is the subject of the proceeding under review, whether or not such orders and decisions were introduced as evidence in the Hearing Department. The Review Department may also admit other judicially noticeable facts or stipulated facts such as those bearing on restitution or rehabilitation occurring after the evidentiary proceedings before the hearing judge ended.

(C) **Augmenting Record: Additional Evidence from a Party.** Any party may move to present additional evidence occurring after evidentiary proceedings before the hearing judge ended, including evidence bearing on restitution or rehabilitation. Alternatively, any party may move to remand the proceeding so the party may file a motion to reopen the record under rule 5.113. On this motion, or its own motion after notice to the parties, the Review Department

# Rules for Admission to the Bar of the Vermont Supreme Court
## As of February 24, 2014

### § 1. Board of bar examiners; members; appointment; duties; reports

(a) The Court shall appoint a Board to be known as the Board of Bar Examiners consisting of nine members, as follows:

    (1) seven shall be attorneys admitted to the Bar of the Supreme Court for at least three years prior to appointment; and

    (2) two shall be laypersons, not admitted to the practice of law in this state or any other state.

For the purposes of these rules, a quorum shall consist of five members or all members not disqualified, whichever is the lesser.

(b) Each term of office shall be four years and until a successor is appointed. No member may be appointed for more than two consecutive terms, but a member may be reappointed after a lapse of one full term. Whenever a member resigns, or the office is otherwise vacant, the Court shall appoint a successor to fill the unexpired term. Appointments shall be made annually on October first.

(c) The chairperson and vice-chairperson shall be members designated by the Court annually on October first and shall so serve until their successors are designated. The Court, in its discretion, may reappoint the chairperson to the Board for a third consecutive four-year term.

(d) No trustee or faculty member of a law school or trustee of a university with a law school may serve as a member of the Board.

(e) In the performance of their duties, the members of the Board shall be reimbursed for reasonable and necessary expenses and shall receive per diem compensation equivalent to that provided by law for comparable boards and commissions. The commissioner of finance and information support shall issue a warrant for the compensation and expenses of each member of the Board when submitted on vouchers approved by the court administrator.

(f) The Court shall initially appoint members to the Board for terms as follows:

    (1) two members whose terms expire on September 30, 1983;
    (2) two members whose terms expire on September 30, 1984;
    (3) two members whose terms expire on September 30, 1985; and
    (4) three members whose terms expire on September 30, 1986.

(g) The Board shall report in writing to the Court the names of those applicants whom the Board has fairly, impartially and thoroughly examined as to professional competence. The Board shall recommend to the Court for admission those applicants found qualified.

(h) The Board shall review annually its policies and procedures and thereafter make changes as appropriate. The Board shall report annually in writing to the Court on October first. The report shall include the nature and scope of its annual review and any changes in policy or procedure resulting from it, any recommendations to the Court concerning proposed rule amendments, the number of

EXHIBIT "JN-E"

(g) Within fourteen days of mailing of the review results provided for in § 10(f), an applicant may appeal to the chairperson. The appeal shall be in the form of a written petition which shall set forth specifically and in detail any claim of misconduct by an examiner or the Board. The chairperson shall render a ruling in writing within thirty days of receipt of the petition as to whether the appeal has substantial merit. If the chairperson finds substantial merit to the appeal, it shall be referred forthwith to the full Board, less any examiner whose conduct is the subject of the appeal. If the chairperson finds no substantial merit to the appeal, the chairperson shall inform the applicant in writing of the decision, which shall be final.

(h) Within thirty days of referral of the appeal to the full Board, the Board shall consider the matter and render its final decision. Consideration may be limited to the written petition previously filed by the applicant. Upon a showing of extraordinary circumstances, the Chief Justice may extend in writing the time in which the Board must rule on an appeal.

(i) The essay examination questions shall be public after administration of the examination.

(j) An applicant found in all respects qualified and recommended by the Board and Character and Fitness Committee and approved by the Court shall be admitted.

(k) No person may sit for either the essay examination or the Multistate Bar Examination in Vermont more than four times after April 1, 2005, except upon a showing, to the satisfaction of the Board, that the applicant has substantially improved his or her preparation for the examination, or for other good cause.

§ 11. Character

(a) Each applicant for admission shall possess good moral character and fitness and shall consent to an investigation by the Character and Fitness Committee.

(b)(1) Good moral character is a functional assessment of character fitness of a prospective attorney. The purpose of requiring an applicant to possess present good moral character is to exclude from the practice of law those persons possessing character traits that are likely to result in injury to future clients, in the obstruction of the administration of justice, or in a violation of the Rules of Professional Conduct. These character traits usually involve either dishonesty or lack of trustworthiness in carrying out responsibilities. There may be other character traits that are relevant in the admission process, but such traits must have a rational connection with the applicant's present fitness or capacity to practice law and accordingly must relate to the state's legitimate interests in protecting prospective clients and the system of justice.

(2) Fitness, as used in these rules, is the assessment of health as it affects the competence of an applicant. The purpose of requiring an applicant to possess this fitness is to exclude from the practice of law any person having an illness or condition which would prevent his or her carrying out duties to clients, courts or the profession. A person may be of good moral character, but may be incapacitated from proper discharge of his or her duties as an attorney by such illness or condition. The fitness required is a present fitness, and prior illnesses or conditions are relevant only so far as they indicate the existence of a present lack of fitness.

(c) The burden of proof of good moral character and fitness is upon the applicant.

(d) The Committee shall appoint a member to conduct an investigation respecting the applicant's moral character and fitness and report to the Committee the nature and results of that investigation.

(e) Each applicant for admission shall be required to submit a waiver of confidentiality and liability as to personal academic, military, and medical records and sign an authorization and release form as part of the petition for admission.

(f) The references provided pursuant to § 8(e) shall be required to attest to an opinion that the applicant is a person of good moral character and fitness and shall set forth in detail the facts upon which that opinion is based.

(g) If after investigation the member conducting the investigation is unable to recommend certifying the good moral character or fitness of the applicant, the Committee shall convene a hearing on the matter before a three-member panel of the Committee and invite the applicant to appear and present information to substantiate good moral character or fitness. The member who conducted the investigation shall not be a member of the hearing panel. The applicant shall be entitled to be represented by counsel at the hearing. The Committee may appoint counsel to present evidence at the hearing on the character and fitness of the applicant. The rules of evidence as applied in civil cases in the superior court shall be followed, but evidence not admissible thereunder may be admitted if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs and not precluded by statute or privilege. All hearings shall be recorded and the Committee shall cause a transcript to be produced for hearings where the Committee does not certify the good moral character and fitness of the applicant at Committee expense. The Committee may issue subpoenas or compel testimony, and all testimony shall be under oath administered by the member of the Committee presiding. Unless the applicant requests otherwise, the hearing shall be closed except to members of the Committee, its agents, the applicant and the applicant's counsel, and witnesses. If the Committee desires an expansion of the record following the hearing, it may consider additional evidence upon notice to the parties and an opportunity to be heard.

(h) After the conclusion of the hearing, the Committee shall prepare a written decision setting forth its findings, conclusions and recommendation as to whether to certify the good moral character and fitness of the applicant. It may also decide to defer a decision until such time as the committee has the opportunity to consider further information, evaluations, or documentation as deemed necessary by the Committee. The Committee shall serve the decision on the parties, and file a copy with the Supreme Court. The notice of decision shall inform the parties of their right to appeal the decision to the Supreme Court within 30 days of the date of the mailing of the decision. The notice of appeal and all proceedings thereafter shall be public. The Court may order review on its own motion within 30 days after the Committee's decision is filed with the Court, specifying the issue or issues to be addressed by the parties. If the decision is not appealed, and review is not otherwise ordered by the Court on its own motion, the Committee's decision shall become final.

(i) The Court shall review the findings and conclusions of the Committee if the hearing panel decision is appealed or the Court orders review on its own motion. It may take any action consistent with its constitutional authority.

(j) Procedure in the Supreme Court for review shall conform to the Vermont Rules of Appellate Procedure. If the Court desires an expansion of the record or additional findings, it may remand the matter to the Committee, with appropriate directions, while retaining jurisdiction, and the matter shall

be continued, pending receipt of the filing of the additional record.

(k) An applicant who is denied a certification of good moral character or fitness by the Committee or the Court may not reapply for admission for a period of two years after the denial.

### § 12. Admission Process and Administration of Oath

(a) Pursuant to § 1(g) and § 3(f), the Board shall file a motion with the Vermont Supreme Court for the admission of applicants found qualified pursuant to these rules. Once the Court has granted the Board's motion for a particular applicant, the Board of Bar Examiners will notify the applicant and provide forms and instructions to complete the admissions process. The applicant must take the following steps to complete the admissions process and obtain a license to practice law in Vermont:

(1) Take the oaths of admission as provided in subsection (c) of this rule and certify the taking of the oaths on a form provided by the Board.

(2) Complete and sign the required licensing statement.

(3) Return the certification of the oaths, the licensing statement, and the required licensing fee under Administrative Order No. 41, §§ 1 and 4 to the Board of Bar Examiners. The Board of Bar Examiners must receive the forms and licensing fee no later than 90 days from the date the applicant is notified that the Court granted the motion to admit the applicant.

(b) After the applicant has completed the steps set forth in subsection (a) of this section, the Attorney Licensing Office will issue a license to the applicant. The admission process is not complete, and an applicant is not licensed to practice law in Vermont, until the license has issued.

(c) Oaths.

(1) Persons qualified to administer oaths: Any justice of the Vermont Supreme Court, Vermont Superior Court judge, Vermont probate judge, Vermont magistrate, Vermont assistant judge, clerk or deputy clerk of the Vermont Supreme Court or clerk or court operations manager of the Vermont Superior Court may administer the oaths of admission. A judge, justice, or other equivalent judicial officer of another jurisdiction of the United States may also administer the oaths of admission.

(2) Before admission to the bar of the Vermont Supreme Court an applicant shall take the following oaths:

You do solemnly swear (or affirm) that you will do no falsehood, nor consent that any be done in court, and if you know of any, you will give knowledge thereof to the judges of the court or some of them, that it may be reformed; that you will not wittingly, willingly or knowingly promote, sue or procure to be sued, any false or unlawful suit, or give aid or consent to the same; that you will delay no person for lucre or malice, but will act in the office of attorney within the court, according to your best learning and discretion, with all good fidelity as well to the court as to your client. (If any oath) So help you God. (If an affirmation) Under the pains and penalties of perjury. (12 V.S.A. §§ 5812, 5851)

You do solemnly swear (or affirm) that you will be true and faithful to the State of Vermont, and that you will not, directly or indirectly, do any act or thing injurious to the Constitution or Government thereof. (If any oath) So help you God. (If an affirmation) Under the pains and penalties